UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH GALLAGHER; et al.,

                            Plaintiffs,

    v.                                                            9:15-CV-1327
                                                                      (TJM/TWD)

ANNE MARIE T. SULLIVAN; et al.,

                            Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

BARCLAY DAMON LLP                      MICHAEL J. SCIOTTI, ESQ.
Attorneys for Plaintiffs
One Park Place
300 South State St.
Syracuse, NY 13202

HON. ERIC T. SCHNEIDERMAN          MARK G. MITCHELL, ESQ.
New York Attorney General                  Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

       This action was brought pro se by plaintiffs Joseph Gallagher, John P. Laurange,

Scott Peters, Michael Wheeler, Timothy Rupert, Larry Schraenkler, John Peana, Arthur

Koehler, David Boutelle, Karl Ahlers, Walter Swartz, Robert Burgess, Roy Castleberry, and

James High.  Dkt. No. 1 ("Compl.").  Plaintiffs, who are involuntarily civilly confined in the Sex

Offender Treatment Program ("SOTP") at Central New York Psychiatric Center ("CNYPC"),

assert numerous claims for relief arising out of the conditions of their confinement. Generally speaking, plaintiffs allege that they have "less rights at the CNYPC-SOTP Facility as a involuntarily confined Civilian Resident than when Plaintiffs were under NYSDOCCS custody," and claim that numerous CNYPC-SOTP policies are unconstitutional. *Id*. at 14; *see Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982) ("Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."). The complaint names eight current and former officials at the New York Office of Mental Health ("OMH") and the CNYPC-SOTP as defendants. *Id*. at 7-10.[1]

Upon review in accordance with 28 U.S.C. § 1915(e)(2)(B), Magistrate Judge Thérèse Wiley Dancks granted plaintiffs' applications for in forma pauperis status and directed defendants to respond to the complaint. Dkt. No. 17. Plaintiffs' motion for appointment of counsel was denied without prejudice to renew at a later stage of this action. *Id*. at 8.

Defendants were served with process and counsel has appeared on their behalf. Dkt. Nos. 20-29, 32. In lieu of an answer, defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 46.[2]

Upon consideration of plaintiffs' renewed motion, Magistrate Judge Dancks determined that appointment of pro bono counsel was warranted in this action. Dkt. No. 55. Counsel has appeared on plaintiffs' behalf. *See* Dkt. Nos. 56-58. On July 15, 2016,

---

[1] By Text Order filed March 21, 2016, Deborah J. McCullough, Executive Director of CNYPC, was substituted as a party in her official capacity for defendant Lamitie in accordance with Federal Rule of Civil Procedure 25(d). Dkt. No. 35.

[2] The deadline for plaintiffs' response in opposition to defendants' motion to dismiss has been stayed pending further order. Dkt. No. 48 (Dancks, M.J.).

2

Magistrate Judge Dancks held a telephone conference with counsel for the parties to discuss further proceedings in this action;[3] plaintiffs were granted to leave to file a motion to amend their complaint on or before September 16, 2016. Text Minute Entry (filed July 15, 2016).

Presently before the Court are two motions filed by plaintiff Gallagher regarding plaintiffs' access to the courts for purposes of this action, and four motions seeking preliminary injunctive relief with respect to the conditions of their confinement at CNYPC-SOTP. *See* Dkt. Nos. 34, 36-39.[4] Plaintiff Peana filed a motion claiming that he is not permitted to communicate with the other plaintiffs and, therefore, is unable to pursue this action. Dkt. No. 43.

Defendants oppose the motions and urge their denial. Dkt. No. 52.[5]

Plaintiffs replied. Dkt. Nos. 53, 54.

## II.   DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two

---

[3] Plaintiff Gallagher also participated in the telephone conference. *See* Dkt. No. 60.

[4] As defendants correctly note in their memorandum of law in opposition to these motions, *see* Dkt. No. 52-7 ("Defs. Mem.") at 6-7, pro se parties may act only on their own behalf and these motions are deemed to have been filed by plaintiff Gallagher in his individual capacity.

[5] Defendants submitted an affidavit in opposition from defendant Jeffrey Nowicki, Chief of Mental Health Treatment Services at CNYPC-SOTP. *See* Dkt. No. 52 ("Nowicki Aff."). Copies of the contraband list, telephone policy, resident handbook, privileging policy, property grid, and resident correspondence policy are exhibits to the Nowicki Affidavit. *See* Dkt. Nos. 52-1 to 52-6.

3

related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).

"The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)). Where a movant seeks a "mandatory preliminary injunction" which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief he seeks, the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks and citations omitted).

### A. Motions Regarding Access to the Courts

"Undeniably[,] the civilly committed patients [at CNYPC], like convicted inmates, enjoy a First Amendment right of meaningful access to the courts." *McChesney v. Hogan*, No. 9:08-CV-0163 (FJS/DEP), 2010 WL 3602660, at *12 (N.D.N.Y. Aug.17, 2010) (citing *Lane v.*

*Carpinello*, No. 9:07-CV-0751 (GLS/DEP), 2009 WL 3074344, at *24 (N.D.N.Y. Sept. 24, 2009). As stated by the Supreme Court, the right of access requires prison authorities "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, this right is not "an abstract, freestanding right to a law library or legal assistance," and a Section 1983 claim requires a showing of "actual injury." *Lane*, 2009 WL 3074344, at *24 (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

On March 30, 2016, a motion was received from plaintiff Gallagher seeking relief with respect to "a number of issues which currently hinder and/or restrict plaintiffs' diligence and effectiveness in prosecuting [this] action." Dkt. No. 36. More specifically, plaintiff Gallagher seeks relief from the CNYPC-SOTP policy prohibiting communication between residents housed in different buildings. *Id*. at 2.[6] As stated in his reply, plaintiff Gallagher requests that this Court issue an order permitting him to communicate with plaintiff Peana "when his personal signature is needed and when some legal information about the action or course of action the Plaintiffs as a whole are contemplating" needs to be communicated. *See* Dkt. No. 53 at 10-11.[7] Plaintiff states that the relief is necessary because plaintiff Peana was moved from Building 41 (where the other plaintiffs reside) to CNYPC-SOTP Building 39. *Id*. at 2-4. Plaintiff Peana also filed a motion for preliminary injunctive relief complaining that he cannot

---

[6] Plaintiff claims that this policy is not justified by any "legal, ethical, security or other basis" and is contrary to state regulations. *See* Dkt. No. 36 at 3 (citing 14 N.Y.C.R.R. § 527.12).

[7] Plaintiff Gallagher originally sought broad relief permitting "unrestricted communication between plaintiffs, regardless of their physical location within the SOTP facility and its grounds." Dkt. No. 36 at 4. Defendants argued in opposition that the motion was not "sufficiently specific and definite" as required by Federal Rule of Civil Procedure 65. *See* Defs. Mem. at 11. In his reply to defendants' opposition papers, plaintiff Gallagher significantly narrowed the relief sought in his motion. *See* Dkt. No. 53.

5

effectively participate in this action due to his current housing assignment. Dkt. No. 43. Peana seeks an order transferring him to Building 41 or, in the alternative, permitting him to "correspond with the rest of the Plaintiffs in 41 building thru the mail." *Id*. at 2.

Plaintiff Gallagher also seeks an order directing that he be allowed to purchase a computer and printer (without internet capability) for the limited purposes of preparing, printing, and maintaining legal documents. Dkt. No. 36 at 4-7. Plaintiff Gallagher complains that residents are unreasonably denied access to modern and efficient means of preparing, printing, and storing legal documents. *Id*. at 3-6.[8]

Defendants oppose these motions on several grounds. *See* Dkt. No. 52. With respect to plaintiff Peana's request for an order directing his transfer back to Building 41, defendant Nowicki states that housing assignments at CNYPC-SOTP are based upon a number of factors, including programming and clinical needs as well as "legitimate security concerns." *See* Nowicki Aff. at 11. Defendants maintain that Peana has no constitutional right to be confined in the housing unit of his choice, and argue that he has not made any showing that his housing assignment is in any way improper. Defs. Mem. at 19. Defendants also urge the Court to deny the motions from Gallagher and Peana insofar as they seek an order permitting them to correspond by mail for purposes of this litigation. Defendants contend that the Nowicki Affidavit demonstrates that "CNYPC has appropriate treatment and institutional reasons for limiting communication between the residents" housed in different buildings, and in addition, contend that Peana's "troubling history of misusing the mail at

---

[8] Plaintiff Gallagher states that CNYPC-SOTP residents are afforded only limited access to an "antiquated typewriter" with "metered use of the respective ribbons" on a bi-weekly basis for the preparation of their legal papers. Dkt. No. 36 at 4-5.

6

CNYPC" dictates against the relief sought by his motion. *See* Defs. Mem. at 11-12, 19.[9]

Defendants also urge denial of plaintiff Gallagher's request for access to a computer. *Id*. at 10-11. According to defendant Nowicki, because word processing capability can permit residents to engage in unauthorized communications with each other, "it was determined that even access to facility computers was antithetical to our mission of maintaining a safe and therapeutic environment." Nowicki Aff. at 7. Nowicki further states that the prohibition on personal computers at CNYPC is rationally related to legitimate governmental interests, including preventing residents from viewing pornography smuggled into the facility. *Id*.

Upon review, the Court finds that plaintiffs' motions must be denied. Plaintiff Peana has not made any showing that he is entitled to a change in his housing assignment and this aspect of his motion is denied. The Court also finds that plaintiff Gallagher has not made the showing in support of his request for access to a computer required for the issuance of mandatory injunctive relief. With respect to plaintiffs' requests for an order permitting them to communicate by mail in order to prepare and file legal papers in this action, the Court concludes that because plaintiffs are now represented by counsel, that aspect of their motions is properly denied.

Based upon the foregoing, the motions filed by plaintiff Gallagher (Dkt. No. 36) and

---

[9] Defendants do not specifically address plaintiffs' claim that as pro se litigants denied all means of communication with one another they are not able to effectively litigate this action. In addressing this issue in an action brought by DOCCS inmates proceeding pro se, an appropriately limited order permitting plaintiffs "to serve upon one another papers that are, by operation of the Federal Rules of Civil Procedure, required to be served upon one another," was issued without objection by DOCCS. *Cardew v. Bellnier*, No. 9:09-CV-0775 (GLS/ATB), Decision and Order (N.D.N.Y. Sept. 23, 2010) (Baxter, M.J.); *see also Gillard v. Rovelli*, No. 12-CV-0083 (LEK/CFH), Decision and Order (N.D.N.Y. Sept. 24, 2013) (granting pro se plaintiff's request to correspond with pro se inmate defendant "for the sole purpose of this litigation" subject to the terms and conditions set forth therein); *Davenport v. Artus*, No. 9:09-CV-0875 (TJM/DRH), Decision and Order (N.D.N.Y. Apr. 7, 2010) (granting pro se plaintiff's request to correspond with two inmates "for the sole purpose of obtaining declarations from them relevant to this civil action" subject to the terms outlined). As noted below, because plaintiffs are now represented by counsel, the Court does not reach this issue.

7

plaintiff Peana (Dkt. No. 43) regarding their access the courts for purposes of this action are denied.

### B.     Motions Regarding Conditions of Confinement

Conditions of confinement claims asserted by civilly committed plaintiffs must be asserted and evaluated under the Due Process Clause of the Fourteenth Amendment. *See Suggs v. Maxymillian*, No. 9:13-CV-359 (NAM/TWD), 2015 WL 5750998, at *12 (N.D.N.Y. Sept. 30, 2015); *Groves v. New York*, No. 9:09-CV-0412 (GLS/DEP), 2010 WL 1257858, at *6 (N.D.N.Y. Mar. 1, 2010). "[D]ue process requires that the conditions and duration of confinement [for civilly confined persons] bear some reasonable relation to the purpose for which persons are committed." *Seling v. Young*, 531 U.S. 250, 265 (2001) (citations omitted).

Courts determining whether a plaintiff's constitutional rights have been violated are required to balance "the legitimate interests of the State and the rights of the involuntarily committed to reasonable conditions of safety and freedom from unreasonable restraints." *Youngberg*, 457 U.S. at 321. In so doing, courts must "show deference to the judgment exercised by a qualified professional." *Id*. at 322. "[A] decision, if made by a professional, is presumptively valid," and "liability may be imposed only when the decision of the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such judgment." *Id*. at 323.

Plaintiff Gallagher has filed four motions seeking preliminary injunctive relief regarding the conditions of his confinement at CNYPC-SOTP. Thus, plaintiff Gallagher seeks an order

8

of this Court restraining defendants from replacing the wooden furniture in the CNYPC-SOTP Building 41 Wards with "Norix" furniture, and directing that the wooden furniture removed from CNYPC-SOTP Building 39 be returned. Dkt. No. 34.[10] Plaintiff Gallagher contends that Norix furniture contravenes the standards set forth in N.Y.C.R.R. § 77.7(a)(1), (2) because it does not "promote a noninstitutional homelike environment." Dkt. No. 34-1 at 3. In a motion for injunctive relief styled as an Order to Show Cause, Gallagher seeks an order of this Court directing defendants to discontinue the telephone program currently in place at CNYPC-SOTP and to implement "a more economical and current cell phone program as outlined herein." *Id*. at 1.[11] As alleged, the current telephone program is unnecessarily expensive and CNYPC-SOTP policy unreasonably restricts residents' ability to communicate by telephone. *Id*. at 3. Plaintiff Gallagher also filed an Order to Show Cause seeking to restrain defendants from imposing any sanctions, "punitive or otherwise," on CNYPC-SOTP residents for alleged violations of facility rules and regulations without affording them due process. Dkt. No. 38. Plaintiff Gallagher contends that CNYPC's policies permit the imposition of sanctions "which exceed and provide an extreme punishment greater than that of the NYSDOCCS Prison System, [and are] clearly and patently punitive in design, execution and

---

[10] The furniture, referred to in the motion as "NORAX" furniture, is manufactured by the Norix Furniture Company. *See* Nowicki Aff. at 3. Norix's website states the following: "Norix is a leading provider of behavioral healthcare furniture solutions that are specially designed for facilities looking to create safe and secure environments." *See* http://norix.com/behavioral-healthcare-furniture.asp.

[11] Gallagher maintains that CNYPC-SOTP residents are eligible for and should be allowed to participate in the federal "Safelink (Assurance Wireless) LifeLine Cell Phone" program, pursuant to which they would receive a standard cell phone (without a camera and without internet connectivity) with an monthly allotment of minutes. Dkt. No. 37 at 4; Dkt. No. 53 at 8-9, 12-13.

enforcement." *Id*. at 7.[12]  In his reply to defendants' opposition papers, Gallagher states that he was sanctioned in May 2016 with a seven-week loss of telephone calling card privileges for having engaged "in conference calling where the intended recipient was unable to be identified;" no due process protections were afforded.  Dkt. No. 53 at 13-15, 25.[13]  According to plaintiff, this incident is a "prime example of [the] arbitrary and abusive process" sought to be invalidated.  *Id*. at 14.  In a motion filed April 11, 2016, plaintiff Gallagher seeks an order of this Court directing that the so-called "Property Grid" be abolished and that a new directive "that affords plaintiffs and residents a minimum of property available in NYSDOCCS Prisons, [and also] possession and use of items more modern and ubiquitous in society" be implemented.  Dkt. No. 39 at 2.  Plaintiff contends that  that rules and regulations regarding the acquisition of personal property by CNYPC-SOTP residents are unduly restrictive and, as such, unconstitutional.  *Id*.

Defendants oppose these motions and urge their denial.  *See* Dkt. No. 52. Defendants maintain that the Nowicki Affidavit demonstrates that the challenged CNYPC-SOTP policies have been implemented by defendants in the exercise of their professional judgment to further the substantial government interest in preserving safety and security within the facility and in providing the state-mandated SOTP.  Defs. Mem. at 8-18.[14]  More

---

[12] As alleged, sanctions often involve the confiscation and temporary withholding of various items of a resident's personal property as well as loss of work assignment, outside food purchases, and commissary and stationary restrictions.  Dkt. No. 38 at 5.

[13] Plaintiff Gallagher states that his explanation that he placed a call to Citizens United for the Rehabilitation of Errants ("C.U.R.E.") in order to participate in a meeting of that organization, was unavailing. Dkt. No. 53 at 15.

[14] Defendants also point to the fact that several CNYPC-SOTP policies have withstood challenge in Section 1983 actions brought by other CNYPC-SOTP residents.  *See* Defs. Mem. at 13, 15-16, 18 (citing cases). In *Suggs v. Maxymillian*, No. 9:13-CV-0359 (NAM/TWD), 2015 WL 5750998 (N.D.N.Y. Sept. 30, 2015) (adopting Report-Recommendation and denying defendants' motion for summary judgment and granting leave to file an

10

specifically, Nowicki identifies several reasons why Norix furniture was selected for the housing units at CNYPC, and argues that plaintiff (who has resided on a ward with Norix furniture without objection since 2014) "should not be permitted to dictate the furniture decisions of CNYPC." Nowicki Aff. at 3-4.[15] In response to plaintiff Gallagher's objections to the telephone calling card program, Nowicki states that participation in the program is not mandatory and that residents "may choose to place collect calls;" Nowicki also states that there is a designated legal phone for each ward where residents may receive incoming phone calls from their attorneys. *Id*. at 6. According to Nowicki, with certain limited exceptions where staff have access to State-issued cell phones, "CNYPC prohibits personal cell phones for staff, visitors, residents and patients." *Id*.

Defendants oppose plaintiff's motion for preliminary injunctive relief prohibiting defendants from administering and enforcing CNYPC-SOTP rules and policies that result in the imposition of sanctions on residents. Defs. Mem. at 14-18. Defendants contend that the policies are rationally related to legitimate government interests and in furtherance of the goals of the CNYPC-SOTP. *See* Nowicki Aff. at 9-10. In addition, defendants claim that plaintiff's motion is wholly conclusory and therefore insufficient to rebut the presumption of validity that these policies are afforded and to establish the requisite harm, noting that

---

amended complaint), Magistrate Judge Dancks noted that CNYPC-SOTP residents "who have in the past filed unsuccessful pro se conditions of confinement lawsuits challenging some of the same conditions being challenged by Plaintiffs . . . , either failed to file any opposition papers or filed incomplete papers in response to the defendants' summary judgment motions." *Id*., 2015 WL 5750998, at *12 n.11. As also noted in that Report-Recommendation, "Defendants have acknowledged that there is no law library available to the SOTP residents at CNYPC," and there was no indication in the record "that any of the plaintiffs received legal assistance from [Mental Hygiene Legal Services] or any other legal counsel." *Id*. In considering a challenge to policies regarding media access, Magistrate Judge Dancks concluded that while those prior decisions "no doubt provide guidance on the issue, the Court finds them to be of little precedential value." *Id*., 2015 WL 5750998, at *17.

[15] Defendants also seek denial of plaintiff Gallagher's motion challenging the suitability of the furniture at CNYPC-SOTP on the ground that the claim is beyond the scope of the complaint. *See* Defs. Mem. at 7.

plaintiff has not made a sufficient showing that he enjoys a protected liberty interest in the privileges he claims are being denied or withheld. Defs. Mem. at 15-17.[16] In response to plaintiff Gallagher's motion challenging the CNYPC-SOTP policies regarding the acquisition of personal property, Nowicki maintains that these policies are rationally related to legitimate governmental interests regarding the safety and security of the residents and staff. *See* Nowicki Aff. at 9-11.[17] Nowicki states that "[i]t has been determined that residents in higher phases of treatment will be permitted additional personal property as they have earned that privilege and are less likely to engage in negative behaviors, such as hiding contraband." *Id*. at 10. In accordance with current policies, "residents who engage in treatment interfering behaviors such as non-compliance with treatment programming or failure to follow the code of conduct may experience a loss of privileges and other consequences." *Id*.

As noted, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). Plaintiff, who has not had the benefit of counseled discovery in filing these motions, predominately relies upon his own assessment of the challenged policies and his experience as a DOCCS inmate. In opposition, defendants have submitted the affidavit of defendant Nowicki, who attests that "CNYPC SOTP has developed policies supportive of a therapeutic

---

[16] In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court determined that a protected liberty interest from restrictive prison confinement will generally be limited to freedom from restraint which imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

[17] Nowicki also notes that the "program model" is being restructured and states that "we are anticipating that in general residents' property allowances will be similar regardless of stage of treatment." Nowicki Aff. at 10-11. Contrary to plaintiff's assertion in his reply, *see* Dkt. No. 53 at 16, this statement is not a "concession" that the current policy is an "inappropriate model," or unconstitutionally infirm.

12

environment mindful of the rights afforded to residents by state and federal statutes," *see* Nowicki Aff. at 2-3, and argue that the professional judgments reflected in these policies are entitled to deference. Defs. Mem. at 8-18 (citing *Youngberg*, 457 U.S. at 322).

Upon review of the present record, the Court finds that plaintiff has failed to demonstrate, with evidence, a "clear and substantial" showing of a likelihood of success on the merits of his claims that the CNYPC-SOTP policies challenged in his motions are unconstitutional, or that he will suffer extreme or very serious damage if the motions are denied. As a result, plaintiff Gallagher's motions seeking preliminary injunctive relief regarding the conditions of his confinement (Dkt. No. 34, 37, 38, 39) are denied.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the motions seeking preliminary injunctive relief filed by plaintiff Gallagher (Dkt. Nos. 34, 36-39) are **DENIED**; and it is further

**ORDERED** that the motion seeking preliminary injunctive relief filed by plaintiff Peana (Dkt. No. 43) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties. The Clerk shall also send a copy of this Decision and Order to each plaintiff as his address of record.

**IT IS SO ORDERED.**

Dated: August 4, 2016

Thomas J. McAvoy
Senior, U.S. District Judge

13