UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH GALLAGHER, et al.,

                              Plaintiffs,

v.                                                              9:15-CV-1327
                                                                    (TJM/TWD)
ANN MARIE T. SULLIVAN, et al.,

                              Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

BARCLAY DAMON, LLP                           MICHAEL J. SCIOTTI, ESQ.
Attorneys for Plaintiffs                                ROSS M. GREENKY, ESQ.
One Park Place, 10th Floor                        KAYLA A. ARIAS, ESQ.
300 South State Street
Syracuse, New York 13202

HON. ERIC T. SCHNEIDERMAN             MARK G. MITCHELL, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

**THÉRÈSE WILEY DANCKS, United States Magistrate Judge**

### REPORT-RECOMMENDATION

**I.    INTRODUCTION**

       This civil rights action under 42 U.S.C. § 1983 challenging policies and conditions in the Sex Offender Treatment Program ("SOTP") at the Central New York Psychiatric Center ("CNYPC"), a facility operated by the New York State Office of Mental Health ("OMH"), was commenced on November 9, 2015, by fourteen Plaintiffs who were involuntarily committed

CNYPC residents at the time.[1]  (Dkt. No. 1.)  The operative pleading is Plaintiffs' amended complaint filed on January 18, 2017.  (Dkt. No. 73.)  Plaintiffs allege generally that they have fewer rights at CNYPC-SOTP as involuntarily confined civilian residents than when they were inmates in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), and claim that numerous CNYPC-SOTP policies are unconstitutional. *Id.*  The amended complaint, in which Plaintiffs seek declaratory and injunctive relief but no compensatory damages, names ten current and former officials at the New York OMH and CNYPC-SOTP as defendants: Anne Marie T. Sullivan, Christopher Kunkle, Maureen A. Bosco, Peter Russell, Terri Maxymillian, Timothy Lamitie, Shannon Forshee, Jeff Nowicki, Deborah McCulloch, and Rebecca Davis.  *Id.* at 4.

Defendants have filed a motion to dismiss pursuant to Rules 12(h)(3) and 12(b)(1) of the Federal Rules of Civil Procedure or for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking dismissal on mootness grounds of the claims of Plaintiffs Ahlers, Boutelle, Burgess, High, and Swartz.  (Dkt. No. 104.)  The Court will address the motion under Rule 12(h)(3).[2]

---

[1] The original Plaintiffs were Joseph Gallagher, John P. Laurange, Scott Peters, Michael Wheeler, Timothy Rupert, Larry Schraenkler, John Peana, Arthur Kohler, David Boutelle, Karl Ahlers, Walter Swartz, Robert Burgess, Roy Castleberry, and James High.  Wheeler, who is deceased, was terminated from the action by the Court.  (Dkt. No. 82.)  Plaintiffs Gallagher and Castleberry stipulated to discontinuance of their claims with prejudice.  (Dkt. No. 90.)

[2] Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action."  Motions to dismiss pursuant to Rule 12(h)(3) are subject to the same standard as motions to dismiss for lack of subject matter jurisdiction brought pursuant to Rule 12(b)(1).  *See, e.g.*, *Canadian St. Regis Band of Mohawk Indians v. New York*, 388 F. Supp. 2d 25, 29 (N.D.N.Y. 2005).

According to the affidavit of OMH attorney Amy J. Mahar, Esq., Ahlers, Boutelle, Burgess, High, and Swartz have all been discharged from CNYPC under the terms of strict and intensive supervision and treatment ("SIST") programs, are no longer subject to any of the conditions they claim to have been unconstitutional at CNYPC, and are living in their respective communities.[3] (Dkt. No. 104-3 at ¶¶ 4, 11-16.) Defendants contend that because the five Plaintiffs have been discharged from CNYPC and none are presently subject to a revocation proceeding, their claims must be dismissed as moot. (Dkt. No. 104-1 at 5-9.[4])

Plaintiffs, in response to Defendants' motion, admit that they were discharged from CNYPC, are living in the community pursuant to the regimen of their respective SIST programs under the control of DOCCS, and that none of them are presently the subject of a revocation proceeding. (Dkt. No. 106 at ¶¶ 3-7, 11.) Plaintiffs nonetheless argue against dismissal of their claims on the ground that this case falls within the exception to the mootness doctrine for disputes "capable of repetition, yet evading review," and that dismissal of their claims with prejudice would deny them the ability to litigate the claims should they return to CNYPC where they would again be subject to the same questionable conditions of confinement. (Dkt. No. 106-2 at 5.)

---

[3]    On a motion to dismiss for lack of subject matter jurisdiction under Rules 12(b)(1) or 12(h)(3), "the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony to determine whether jurisdiction exists." *See Li v. Napolitano*, No. 08 Civ. 7353 (JGK), 2009 WL 2358621, at *1 (S.D.N.Y. July 30, 2009).

[4]    Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

## II.     THE MOOTNESS DOCTRINE

The Constitution limits the jurisdiction of federal courts to "actual cases and controversies." U.S. Const. Art. III Sec. 2. A claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The "legally cognizable interest" can also be understood "as a requirement that a plaintiff have a 'personal stake' in the litigation." *Fox v. Bd. of Tr. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). When the plaintiff no longer maintains a "personal stake" in the litigation, a court lacks subject matter jurisdiction over the action and the case must be dismissed. "[T]he mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit . . . ." *Cook v. Colgate Univ.*, 992 F.2d 17, 18 (2d Cir. 1993) (citation omitted).

As the Second Circuit explained in *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 93 (2d Cir. 2007):

> [m]ootness can arise in many ways during the course of litigation. If, for example, the plaintiff dies or ceases to be subject to the condition that caused his deprivation before his request for prospective injunctive relief is resolved, his claim may in some circumstances become moot.

The Supreme Court has recognized an exception to the mootness doctrine where the dispute is "capable of repetition, yet evading review." *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). The capable-of-repetition principle applies only "where the following circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the

4

same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (citation and internal quotation marks and brackets omitted).

"A recurrent dispute will 'evade review' if it could not be entirely litigated before again becoming moot, including prosecution of appeals as far as the Supreme Court." *Russman v. Bd. of Educ. of Enlarged City School Dist. of City of Watervliet*, 260 F.3d 114, 119 (2d Cir. 2001) (citing *Honig v. Doe*, 484 U.S. 305, 322-23 (1988)). The exception applies only in exceptional situations and is severely circumscribed. *Id.; see also F.O. v. New York City Dept. of Educ.*, 899 F. Supp. 2d 251, 255 (S.D.N.Y. 2012) ("The narrow exception to mootness principles applies only when an action is so short in duration that it evades review, and there is a reasonable probability that Plaintiffs would be subject to the same action again.").

"To create a reasonable expectation of recurrence, repetition must be more than theoretically possible." *Russman*, 260 F.3d at 120. The Second Circuit has explained that "mere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." *VanWie v. Pataki*, 267 F.3d 109, 115 (2d Cir. 2001) (quoting *Dennin v. Connecticut Interscholastic Athletic Conf., Inc.*, 94 F.3d 96, 101 (2d Cir. 1996) (citation and internal quotation marks omitted); *see also Williams v. Alioto*, 549 F.2d 136, 143 (9th Cir. 1977) ("A mere speculative possibility of repetition is not sufficient. There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied.").

### III. ANALYSIS

#### A. Duration

Plaintiffs argue that their release under a SIST program and parole cuts short the time frame in which full litigation of their claims may occur, thus satisfying the short duration

element of the mootness doctrine exception.  (Dkt. No. 106-2 at 6.)  Cases in which courts have found the challenged action to be too short in duration to be fully litigated prior to its cessation or expiration have generally involved conduct occurring in relatively short blocks of time.  *See, e.g., ABC, Inc. v. Stewart*, 360 F.3d 90, 97-98 (2d Cir. 2004) (finding the challenged action was in duration too short to be fully litigated when the District Court barred the media from attending *voir dire* proceedings); *VanWie*, 267 F.3d at 111, 114 (finding the too short a duration requirement was met when the appellants were prevented from enrolling in a political party and voting in a primary election approximately one month before the primary election took place); *Irish Lesbian and Gay Organization v. Giuliani*, 143 F.3d 638, 648 (2d Cir. 1998) (the few weeks between being notified of denial of parade permit and date of parade was found insufficient for full litigation of plaintiff's claims); *F.O. v. New York City Dept. of Educ.*, 899 F. Supp. 2d 251, 255 (S.D.N.Y. 2012) (finding "it is not clear that the issues . . . could not have been fully litigated during the [seven month] pendency of the school year").

Plaintiffs have submitted no evidence showing that the actions challenged as violative of the Constitution in this action commenced in 2015 were too short in duration to be completely litigated prior to cessation or expiration.  Furthermore, as Defendants point out, a number of lawsuits challenging conditions at CNYPC have been litigated to completion in this District. *See, e.g., Yeldon v. Hogan*, No. 9:08-cv-769 (NAM/RFT), 2010 WL 983819, at *2-11 (N.D.N.Y. Mar. 15, 2010), *aff'd*, 400 F. App'x 580 (2d Cir. 2010) (summary judgment in defendants' favor in case challenging allegedly unconstitutional policies at CNYPC); *Balkum v. Sawyer*, No. 6:06-CV-1467 (NPM), 2011 WL 5041206 (N.D.N.Y. Oct. 21, 2011) (same); *McChesney v. Hogan*, No. 9:08-CV-0163 (FJS/DEP), 2010 WL 3602660 (N.D.N.Y. Aug. 17, 2010) (same).

Based upon the foregoing, the Court finds that Plaintiffs have failed to show that the challenged actions were too short in duration to be fully litigated prior to cessation or expiration. (*See generally* Dkt. No. 106-2.)

### B.     Reasonable Expectation of Being Subjected to the Same Action Again

Even if Plaintiffs were found to have satisfied the first element of the mootness doctrine, the Court finds they have failed as to the second.  Plaintiffs have not met the burden of showing that this is an exceptional case in which there is a "reasonable expectation [or a demonstrated probability] that the same complaining party would be subjected to the same action again." *Video Tutorial Servs., Inc. v. MCI Telecommunications Corp.*, 79 F.3d 3, 6 (2d Cir. 1996) (internal quotation omitted and alteration in original).

As a general rule, when an inmate is released from prison, his claims for injunctive relief based upon the conditions of his confinement are found to have become moot.  *See, e.g., Jarecke v. Murphy*, No. 3:10CV552 (JCH), 2010 WL 4876220, at *2 (D. Conn. Nov. 17, 2010) ("The Second Circuit has held that an inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular institution becomes moot when the inmate is discharged or transferred to a different correctional facility") (citing *Mawwhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976)); *Pugh v. Goord*, 571 F. Supp. 2d 477, 489 (S.D.N.Y. 2008) ("Where a prisoner has been released from prison, his claims for injunctive relief based on the conditions of his incarceration must be dismissed as moot."); *Hallett v. N.Y. State Dep't of Corr. Serv.*, 109 F. Supp. 2d. 190, 196 (S.D.N.Y. 2000) (dismissing former prisoner's claims for injunctive relief on mootness grounds when he was no longer incarcerated); *see also McAlpine v. Thompson*, 187 F.3d 1213, 1217-18 (10th Cir. 1999) (noting that eight other "circuit[s that have]

7

consider[ed] the issue ha[ve] decided that release to parole moots a claim regarding prison conditions and regulations" and so holding).

The same principle has been found applicable to civil commitments under sex offender programs. *See Dorsey v. Hogan,* 511 F. App'x 96, 99 (2d Cir. 2013) ("Because he was released in February 2011, Dorsey's claims for injunctive relief relating to the conditions of confinement at CNYPC are moot."); *Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012) (conditions of confinement claims for injunctive relief by plaintiffs civilly committed under the Minnesota Sex Offender Program ("MSOP") dismissed on mootness grounds after they were transferred to another housing unit); *Ireland v. Anderson*, No. 3:13-cv-3, 2015 WL 5774882, at *7-8 (D. North Dakota. July 15, 2015) (conditions of confinement claims for injunctive relief by plaintiffs who had been released from civil commitment under state sexually dangerous individual law dismissed on mootness grounds); *Evenstad v. Herberg*, 994 F. Supp. 2d 995, 1005 (D. Minn. 2014) (conditions of confinement claims seeking declaratory and injunctive relief involving a civil commitment facility for sex offenders under the MSOP was moot where plaintiff was no longer a resident).

Plaintiffs argue that because of the additional set of post-release requirements placed on those released from CNYPC they are set apart from the typical prisoner, and the additional requirements provide an indication that there is a heightened risk of a CNYPC ward reoffending and being returned to CNYPC. (Dkt. No. 106-2 at 7.) However, New York Mental Hygiene Law ("MHL") § 10.11(d), includes a series of procedural protections and mental health related requirements that must be satisfied before an individual's regimen of strict and intensive supervision may be revoked and he may be returned to a secure treatment facility like CNYPC. Those include "(1) a parole officer's demonstration of reasonable cause to believe that the person

violated a condition of his or her strict and intensive supervision; (2) an evaluation by a psychiatric examiner as to whether the person is a dangerous sex offender requiring confinement; (3) the filing of a petition for confinement; (4) the appointment of counsel for the person; and (5) court hearing to determine whether the person is a dangerous sex offender requiring confinement." (Dkt. No. 104-1 at 7-8.)  *See* MHL § 10.11(d)(1)-(4).

The Court finds Plaintiff's argument that there is a reasonable expectation that they will find themselves in the custody of OMH again, particularly given the statutory procedure described above, to be "mere speculation" that does not "give rise to the level of a reasonable expectation or demonstrate probability of recurrence."  *VanWie,* 267 F.3d at 115.  The fact that a former resident of CNYPC who was a Plaintiff in another conditions of confinement lawsuit has been returned to CNYPC after a parole violation is insufficient to establish a "reasonable expectation" or "demonstrated probability" of recurrence by the five Plaintiffs who have been released from CNYPC in this case. (Dkt. No. 106-2 at 8.)  Furthermore, Plaintiffs' attorney's belief that his clients are likely to violate the conditions of their respective SIST programs, without factual support, falls within the category of speculative and is insufficient to invoke the capable-of-repetition yet evading review exception to the mootness doctrine.

Not only is Plaintiffs' argument for an exception to the mootness doctrine speculative, a return to CNYPC is dependent upon wrongdoing by the Plaintiffs.  "[C]ourts are in general still more reluctant to invoke the capable-of-repetition doctrine when the possibility of recurrence for the plaintiff depends on his own wrongdoing."  *Cox v. McCarthy*, 829 F.2d 800, 804 n.3 (9th Cir. 1987) (citing *Lane v. Williams*, 455 U.S. 624, 633 n.13 (1982)); *see also Williams v. Ozmint*, 716 F.3d 801, 810 (4th Cir. 2013) (finding the exception to the mootness doctrine inapplicable where

9

prisoner was removed from maximum security ward and would not be subjected to the challenged policies in that ward again unless he violated prison rules).

Based upon the foregoing, the Court finds that Plaintiffs have no established grounds for application of the capable-of-evading review exception to the mootness doctrine and recommends that Defendants' motion to dismiss for lack of subject matter jurisdiction on mootness grounds under Rule 12(h)(3) as to Plaintiffs Ahlers, Boutelle, Burgess, High, and Swartz be granted, but that the dismissal be without prejudice rather than with prejudice as requested by Defendants. *See Katz v. Donna Karan Company*, L.L.C., 872 F.3d 114, 116 (2d Cir. 2017) ("a complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction").

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Defendant's motion to dismiss pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure (Dkt. No. 104) be **GRANTED**; and it is further

**RECOMMENDED** that the claims of Plaintiffs Ahlers, Boutelle, Burgess, High and Swartz be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction on mootness grounds and that the action be terminated as to those Plaintiffs.

Dated: April 23, 2018
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge