**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
————————————————————

**JOSEPH GALLAGHER,** *et al.,*

                          **Plaintiffs,**
      -v-                                              **9:15-CV-01327 (TJM/TWD)**

**ANN MARIE T. SULLIVAN,** *et al.,*

                          **Defendants.**
————————————————————

**THOMAS J. McAVOY,**
**Senior United States District Judge**

# DECISION & ORDER

## I.    INTRODUCTION

This action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Thérèse W. Dancks, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). In her April 23, 2018 Report-Recommendation (Dkt # 114), Magistrate Judge Dancks recommends that Defendants' motion to dismiss (Dkt. # 104) be granted, and that the claims of Plaintiffs Ahlers, Boutelle, Burgess, High and Swartz be dismissed without prejudice for lack of subject matter jurisdiction on mootness grounds. Dkt #114 at 10. Plaintiffs filed timely objections to the Report-Recommendation. *See* Dkt #117.

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings). After reviewing the report recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. BACKGROUND

On November 9, 2015, fourteen plaintiffs filed a civil rights action pursuant to 42 U.S.C. § 1983 challenging policies and conditions of the Sex Offender Treatment Program ("SOTP") at the Central New York Psychiatric Center ("CNYPC"). On January 8, 2017, Plaintiffs filed an amended complaint naming ten current and former officials of the New York Office of Mental Health ("OMH") and the CNYPC-SOTP as defendants. In response to the amended complaint, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(h)(3) and 12(b)(1), or for summary judgment pursuant to Fed. R. Civ. P. 56, seeking dismissal of the claims brought by Plaintiffs Karl Ahlers, David Boutelle, Robert Burgess, James High, and Walter Swartz. Defendants assert that these five plaintiffs have all been discharged from CNYPC, and argue that, although they are living in their respective communities under the terms of strict and intensive supervision and treatment ("SIST") programs, they are no longer subject to any of the conditions they claim to be unconstitutional at CNYPC. Defendants further contend that none of these plaintiffs are

2

the subject to a revocation proceeding. Thus, Defendants argue, the claims by these five plaintiffs must be dismissed as moot. In response, Plaintiffs admit that they each have been discharged from CNYPC and are living in their respective communities pursuant to the regimen of their respective SIST programs, and concede that none are the subject of a revocation proceeding. Plaintiffs nonetheless argue against dismissal on the ground that their claims fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. They contend that dismissal of their claims with prejudice would deny them the ability to litigate the claims should they be returned to CNYPC where they would again be subjected to the same questionable conditions of confinement.

In addressing the motion, Magistrate Judge Dancks noted that "[t]he capable-of-repetition principle applies only 'where the following circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" Dkt #114 at 4-5 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). On the first prong of the *Spencer* test, Magistrate Judge Dancks concluded that "Plaintiffs have failed to show that the challenged actions were too short in duration to be fully litigated prior to cessation or expiration." *Id.* at 7. In reaching this conclusion, Magistrate Judge Dancks indicated that "Plaintiffs have submitted no evidence showing that the actions challenged as violative of the Constitution in this action . . . were too short in duration to be completely litigated prior to cessation or expiration," and noted that "a number of lawsuits challenging conditions at CNYPC have been litigated to completion in this District." *Id.* at 6 (collecting cases).

On the second prong of the *Spencer* test, Magistrate Judge Dancks noted that

3

"New York Mental Hygiene Law ("MHL") § 10.11(d), includes a series of procedural protections and mental health related requirements that must be satisfied before an individual's regimen of strict and intensive supervision may be revoked and he may be returned to a secure treatment facility like CNYPC." *Id.* at 8.[1] Based upon these procedural protections and mental health related requirements that must be met before an individual can be recommitted to CNYPC, Magistrate Judge Dancks found that Plaintiffs' argument that they had a reasonable expectation of being returned to CNYPC amounted to "'mere speculation' that does not 'give rise to the level of a reasonable expectation or demonstrate probability of recurrence.'" *Id.* at 9 (quoting *VanWie v. Pataki*, 267 F.3d 109, 115 (2d Cir. 2001)). Magistrate Judge Dancks also found that "[n]ot only is Plaintiffs' argument for an exception to the mootness doctrine speculative, a return to CNYPC is dependent upon wrongdoing by the Plaintiffs" - conduct which courts have been reluctant to recognize as a valid basis to invoke the capable-of-repetition exception. *Id.* at 9-10.[2]

In their objections, Plaintiffs take issue only with Magistrate Judge Dancks's conclusion on the second prong of the *Spencer* test, arguing that "Magistrate Judge

---

[1]"Those include '(1) a parole officer's demonstration of reasonable cause to believe that the person violated a condition of his or her strict and intensive supervision; (2) an evaluation by a psychiatric examiner as to whether the person is a dangerous sex offender requiring confinement; (3) the filing of a petition for confinement; (4) the appointment of counsel for the person; and (5) court hearing to determine whether the person is a dangerous sex offender requiring confinement.'" Rep.-Rec., at 8-9 (quoting Def. Stat. Mat. Facts at ¶ 10, and citing MHL § 10.11(d)(1)-(4)).

[2]In this regard, Magistrate Judge Dancks wrote:

"[C]ourts are in general still more reluctant to invoke the capable-of-repetition doctrine when the possibility of recurrence for the plaintiff depends on his own wrongdoing." *Cox v. McCarthy*, 829 F.2d 800, 804 n.3 (9th Cir. 1987) (citing *Lane v. Williams*, 455 U.S. 624, 633 n.13 (1982)); *see also Williams v. Ozmint*, 716 F.3d 801, 810 (4th Cir. 2013) (finding the exception to the mootness doctrine inapplicable where prisoner was removed from maximum security ward and would not be subjected to the challenged policies in that ward again unless he violated prison rules).

4

Dancks erred by concluding that Released Plaintiffs' reasonable expectation of returning to CNYPC due to a violation of strict and intensive supervision and treatment ("SIST") program protocol was speculative and therefore insufficient to apply an exception to the mootness doctrine." Dkt. # 117 at 2. Plaintiffs assert that they have a reasonable expectation of re-confinement at CNYPC based on their need to comply with the strict requirements of their SIST programs, and contend that a return to CNYPC is not entirely dependent upon wrongdoing by the Plaintiffs "but also involves decision making beyond the Released Plaintiffs' control." Obj., at 3. Plaintiffs argue that "[w]hile wrongdoing by a released CNYPC ward may initiate the procedure outlined in MHL § 10.11, a return to CNYPC is predominantly determined by a decision of the State, through a psychiatric examiner, parole officer, and, ultimately, a court." *Id.* at 3-4.

## IV. DISCUSSION

The Court conducts a *de novo* review of Magistrate Judge Dancks's conclusion on the second prong of the *Spencer* test, and adopts the conclusions contained therein. In light of the procedural requirements of MHL § 10.11(d), the Court agrees with Magistrate Judge Dancks that Plaintiffs' expectation of being returned to CNYPC amounts to "mere speculation." Further, as Plaintiffs concede in their objections, re-commitment proceedings would be "initiated" by their wrongdoing. Because Plaintiffs "are able—and indeed required by law—to prevent [the initiation of a re-commitment proceeding] from occurring," *Lane v. Williams*, 455 U.S. 624, 633 n.13 (1982), they cannot satisfy the second prong of the *Spencer* test by pointing to their possible future wrongdoing.

Further, even assuming that Magistrate Judge Dancks erred in concluding that

Plaintiffs lacked a reasonable expectation of being returned to CNYPC, Plaintiffs fail to demonstrate that she erred in her conclusion on the first prong of the *Spencer* test. Because the *Spencer* test is in the conjunctive, Plaintiffs' objections do not provide a basis to reject Magistrate Judge Dancks's ultimate conclusion.

**V.    CONCLUSION**

Having considered Plaintiffs' objections and having completed a *de novo* review of the issues raised by the objections, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Dancks's Report-Recommendation (Dkt #114) for the reasons stated in her thorough report.  Accordingly, Defendants' motion to dismiss the claims by Plaintiffs Karl Ahlers, David Boutelle, Robert Burgess, James High, and Walter Swartz is **GRANTED**, and the claims by these plaintiffs are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  The Clerk of the Court is directed to terminate Plaintiffs Karl Ahlers, David Boutelle, Robert Burgess, James High, and Walter Swartz from this action.

**IT IS SO ORDERED.**

Dated:  August 20, 2018

Thomas J. McAvoy
Senior, U.S. District Judge